**Fanny Pineda VEJAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70767.
Agency No. A93–219–767.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Dec. 21, 2004.

Ahmed M. Abdallah, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., John C. Cunningham, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM [*]

Fanny Pineda Vejar is a native and citizen of Mexico. She has lived in the United States for over twenty years. During this time she applied for legalization under 8 U.S.C. § 1255a, an amnesty program for long-time residents created by the Immigration Reform and Control Act of 1986 ("IRCA"). While her legalization application was pending [1] she went to Mexico for a week to visit her sick aunt. Upon return she was detained because she did not have documentation to enter the United States. She had only her employment authorization card and a consular enrollment card issued by the Mexican government. She was charged as excludable for seeking work without certification and for entering the United States without appropriate documentation. After a hearing, an Immigration Judge ("IJ") ruled Pineda Vejar was excludable from the United States because the IJ believed Pineda Vejar's trip to Mexico required advance parole. The IJ found that she was "entering" (8 U.S.C. § 1101(a)(13) (1994)) the United States and therefore was excludable. The IJ further determined Pineda Vejar did not qualify for the exception to the consequences of "entry" for brief, casual, and innocent trips abroad.

Pineda Vejar appealed the IJ's decision arguing her visit to Mexico qualified for the brief, casual, and innocent exception to the consequences of "entry." The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion.[2] Pineda Vejar petitioned this court for review. We grant the petition for review and reverse the exclusion order.

The IJ erred by refusing to terminate Pineda Vejar's exclusion proceedings. The IJ misapplied the brief, casual, and innocent exception, *Rosenberg v. Fleuti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), and wrongly applied INS regulations the Ninth Circuit previously invalidated. *Espinoza–Gutierrez v. Smith*, 94 F.3d 1270 (9th Cir.1996).

In *Espinoza–Gutierrez* the Ninth Circuit held legalization applicants are not required to receive advance parole to qualify for the brief, casual, and innocent exception to entry at the border. This holding overturned INS regulations interpreting IRCA to require advance parole

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1.] Resolution of Pineda–Vejar's legalization application was delayed under the class-action *Zambrano v. INS*. 1988 U.S. Dist. LEXIS 17592 (E.D.C.A.1989), *aff'd*, 972 F.2d 1122 (9th Cir.1992), *vacated and remanded by* 509 U.S. 918, 113 S.Ct. 3028, 125 L.Ed.2d 717 (1993). Further proceedings at *Zambrano v. INS*, 145 F.3d 1344 (9th Cir.1998) and *Zambrano v. INS*, 282 F.3d 1145 (9th Cir.2002), as amended on denial of rehearing and rehearing en banc 302 F.3d 909 (9th Cir.2002).

[2.] When the BIA, without opinion, summarily affirms the IJ's decision we review the IJ's decision as the final agency action. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004).

for a legalization applicant to exit and return to the United States. *Id.* at 1277.

Under the three-prong brief, casual, and innocent test Pineda Vejar's visit to Mexico qualifies as an exception "to the consequences of an 'entry.'" *Fleuti*, 374 U.S. at 462, 83 S.Ct. 1804; *see Castrejon–Garcia v. INS*, 60 F.3d 1359 (9th Cir.1995); *Jubilado v. INS*, 819 F.2d 210 (9th Cir.1987). As the IJ in Pineda Vejar's case said:

> [T]he trip was short in duration, approximately a week. The applicant obtained the round trip ticket for the purpose of caring for an ailing aunt whom she felt close to. She left the same day she received notice that her aunt was ill. The purpose of the trip appears to have been of an innocent nature. There is no evidence to indicate that she had intention to meaningful[ly] interrupt her application for legalization. Her return ticket points to her intention to return to pursue her application for legalization.

Pineda Vejar's visit to her aunt is a classic example of a brief, casual, and innocent trip abroad. Her visit to Mexico and her return to the United States qualifies as an exception to the consequences of "entry."

The IJ erred by not terminating Pineda Vejar's exclusion proceedings. Pineda Vejar is not excludable. Pineda Vejar's visit to Mexico did not interrupt her physical presence in the United States for the purpose of her immigration status. If removal proceedings are instituted against Pineda Vejar, she is thus eligible to pursue suspension of removal or other available remedies. The petition for review is granted and the exclusion order is reversed.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION GRANTED AND REVERSED.